Charles H. Chevalier
Christian Villatoro
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102-5310
cchevalier@fbtgibbons.com
cvillatoro@fbtgibbons.com

*Attorneys for Plaintiffs Knoa Pharma LLC*
*and Knoa Pharmaceuticals LLC*

OF COUNSEL:

Matthew Moore
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Marc N. Zubick
Manuela Burek
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
(312) 876-7700

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KNOA PHARMA LLC, and KNOA PHARMACEUTICALS LLC, <br><br> Plaintiffs, <br> v. <br><br> HUMANWELL PHARMACEUTICALS US, INC., and EPIC PHARMA, LLC, <br><br> Defendants. | Civil Action No.   26-9298 <br><br><br> **COMPLAINT** |

Plaintiffs Knoa Pharma LLC ("Knoa Pharma") and Knoa Pharmaceuticals LLC ("Knoa

Pharmaceuticals") (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action

against Defendants Humanwell Pharmaceuticals US, Inc. ("Humanwell") and Epic Pharma LLC

("Epic") (collectively, "Defendants"), and hereby allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the patent laws of the United

States, 35 U.S.C. § 1, *et seq.*, and in particular under 35 U.S.C. § 271(e)(2) and 28 U.S.C. §§ 2201

and 2202.  This action arises from Defendants' submission of an Abbreviated New Drug

1

Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture, distribute, market, and/or sell generic versions of HYSINGLA® ER, prior to the expiration of Plaintiffs' U.S. Patent Nos. 8,808,740 (the "'740 Patent"); 9,872,837 (the "'837 Patent"); 9,770,416 (the "'416 Patent"); and 9,775,809 (the "'809 Patent") (collectively, the "Asserted Patents").

## PARTIES

2.      Plaintiff Knoa Pharma is a corporation headquartered in the State of Connecticut, with its principal place of business at 201 Tresser Boulevard, Stamford, Connecticut 06901. Knoa Pharma is wholly owned by Knoa Foundation, Inc., a 501(c)(4) not-for-profit organization.

3.      Plaintiff Knoa Pharmaceuticals is a corporation headquartered in the State of North Carolina, with its principal place of business at 4701 International Blvd, Wilson, NC 27893. Knoa Pharmaceuticals is wholly owned by Knoa Pharma.

4.      Knoa Pharma is the current assignee and owner of the '740 Patent and the '837 Patent.

5.      Plaintiffs are the current assignees and owners of the '416 Patent and the '809 Patent.

6.      On information and belief, Defendant Humanwell is a corporation organized and existing under the laws of the State of Missouri, having its principal place of business at 421 Sovereign Court, Ballwin, Missouri 63011.

7.      On information and belief, Humanwell is a subsidiary of Yichang Humanwell Pharmaceutical Co. Ltd., which is a corporation organized and existing under the laws of China, having its principal place of business at 19, Dalian Road, Yichang, Hubei, 443005, China.

2

8. On information and belief, Defendant Epic is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 227-15 N. Conduit Avenue, Laurelton, New York 11413.

9. On information and belief, Epic and Yichang Humanwell Pharmaceutical Co. Ltd. are both subsidiaries of Humanwell Healthcare (Group) Co. Ltd., which is a corporation organized and existing under the laws of China, having its principal place of business at No. 666 Gaoxin Avenue, Donghu High-Tech District, Wuhan, Hubei, 430075, China.

10. On information and belief, Epic is the designated Regulatory Agent in connection with Humanwell's ANDA filings, including the ANDA at issue in this case.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

12. This Court has personal jurisdiction over Humanwell because, *inter alia*, on information and belief, Humanwell has continuous and systematic contacts with the State of New Jersey, regularly conducts business in the State of New Jersey, either directly or through one or more of its subsidiaries, partners, agents, and/or alter egos, including Epic, has purposefully availed itself of the privilege of doing business in the State of New Jersey, and intends to manufacture, market, distribute, sell, and/or import generic versions of HYSINGLA® ER 20 mg, 30 mg, 40 mg, and 60 mg tablets (the "Humanwell ANDA Products") in the State of New Jersey upon approval of ANDA No. 215216 (the "Humanwell ANDA").

13. On information and belief, Humanwell is in the business of, among other things, manufacturing, marketing, distributing, developing, importing, and selling pharmaceutical drug products, including generic drug products, which Humanwell manufactures, markets, distributes,

3

develops, and/or sells throughout the United States, and/or imports into the United States, including in this judicial district, either directly or through one or more of its subsidiaries, partners, agents, and/or alter egos, including Epic.

14.    The Court has personal jurisdiction over Epic because, *inter alia*, on information and belief, Epic has continuous and systematic contacts with the State of New Jersey, is registered to do business in the State of New Jersey (No. 0451053165), regularly conducts business in the State of New Jersey, either directly or through one or more of its subsidiaries, agents, partners, and/or alter egos, including Humanwell, has purposefully availed itself of the privilege of doing business in the State of New Jersey, and intends to manufacture, market, distribute, sell, and/or import the Humanwell ANDA Products in the State of New Jersey upon approval of the Humanwell ANDA.

15.    On information and belief, Epic is approved by the FDA to sell generic pharmaceutical products in the State of New Jersey, either directly or through one or more of its subsidiaries, agents, partners, and/or alter egos, including Humanwell.

16.    On information and belief, Epic develops, manufactures, imports, and/or distributes pharmaceutical drug products, including generic drug products, for use and/or sale throughout the United States, including in this judicial district.

17.    On information and belief, Humanwell, with the aid of Epic, prepared and filed the Humanwell ANDA to seek approval to manufacture, use, sell, offer for sale, and/or import the Humanwell ANDA Products in the United States, including in this judicial district.

18.    On information and belief, upon FDA approval of the Humanwell ANDA, Defendants will manufacture, market, distribute, sell, and/or import, either directly or through one

or more of their subsidiaries, agents, partners, and/or alter egos, the Humanwell ANDA Products in the State of New Jersey.

19.    Defendants have consented to jurisdiction in the State of New Jersey in a prior case arising out of their manufacture, use, offer for sale, sale and/or importation of a generic pharmaceutical product throughout the United States, including in this District. *See Eli Lilly & Co. v. Humanwell Pharma. US, Inc.*, No. 2:25-cv-02020 (D.N.J.).

20.    For at least the above reasons, it would not be unfair or unreasonable for Defendants to litigate this action in this judicial district as Defendants are subject to personal jurisdiction in this judicial district.

21.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

22.    Venue is proper against Defendants because, *inter alia*, on information and belief, they have committed acts of infringement that will lead to injury to Plaintiffs by filing the Humanwell ANDA with the intent to seek approval to manufacture, use, sell, and/or import the Humanwell ANDA Products in the United States, including in the State of New Jersey.

23.    Venue is proper against Defendants because, on information and belief, Epic has an active business registration (No. 0451053165) in Bridgewater, New Jersey, and Defendants have a regular and established place of business in New Jersey.

24.    On information and belief, Defendants engaged in activities in New Jersey relevant to the preparation and/or submission of the Humanwell ANDA.

25.    Defendants have consented to venue in this District in a prior case arising out of their manufacture, use, offer for sale, sale and/or importation of a generic pharmaceutical product throughout the United States, including in this District. *See Eli Lilly & Co. v. Humanwell Pharma. US, Inc.*, No. 2:25-cv-02020 (D.N.J.).

**HYSINGLA® ER**

26.     Knoa Pharma is the holder of New Drug Application ("NDA") No. 206627 (the "HYSINGLA® ER NDA") for hydrocodone bitartrate in an oral, extended-release tablet form in 20 mg, 30 mg, 40 mg, 60 mg, 80 mg, and 100 mg dosages, which are sold under the proprietary name HYSINGLA® ER.

27.     HYSINGLA® ER (hydrocodone bitartrate) is an FDA-approved extended-release tablet for the management of pain severe enough to require daily, around-the-clock, long-term opioid treatment for which alternative treatment options are inadequate.

28.     Given the nature of its active ingredient, HYSINGLA® ER is formulated using abuse-deterrent technology that is designed to increase the difficulty of misuse and abuse by certain common methods of tampering, including crushing, breaking, or dissolving.

29.     The development and commercialization of HYSINGLA® ER required substantial investment and scientific innovation to achieve its critical abuse-deterrent properties—properties which are central to the value and public benefit of HYSINGLA® ER.

**THE ASSERTED PATENTS**

30.     On August 19, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '740 Patent entitled "Encased Tamper Resistant Controlled Release Dosage Forms."  A true and correct copy of the '740 Patent is attached as **Exhibit A**. The '740 Patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for HYSINGLA® ER.  Knoa Pharma owns all rights, title, and interest in and to the '740 Patent.  There is an actual case or controversy between the parties regarding Defendants' infringement and/or the invalidity of the '740 Patent.

31.    On January 23, 2018, the USPTO duly and legally issued the '837 Patent entitled "Tamper Resistant Controlled Release Dosage Forms." A true and correct copy of the '837 Patent is attached as **Exhibit B**. The '837 Patent is listed in the Orange Book for HYSINGLA® ER. Knoa Pharma owns all rights, title, and interest in and to the '837 Patent. There is an actual case or controversy between the parties regarding Defendants' infringement and/or the invalidity of the '837 Patent.

32.    On September 26, 2017, the USPTO duly and legally issued the '416 Patent entitled "Tamper Resistant Dosage Forms." A true and correct copy of the '416 Patent is attached as **Exhibit C**. The '416 Patent is listed in the Orange Book for HYSINGLA® ER. Plaintiffs own all rights, title, and interest in and to the '416 Patent. There is an actual case or controversy between the parties regarding Defendants' infringement and/or the invalidity of the '416 Patent.

33.    On October 3, 2017, the USPTO duly and legally issued the '809 Patent entitled "Tamper Resistant Dosage Forms." A true and correct copy of the '809 Patent is attached as **Exhibit D**. The '809 Patent is listed in the Orange Book for HYSINGLA® ER. Plaintiffs own all rights, title, and interest in and to the '809 Patent. There is an actual case or controversy between the parties regarding Defendants' infringement and/or the invalidity of the '809 Patent.

## HUMANWELL ANDA NO. 215216

34.    On information and belief, Humanwell, with the aid of Epic, prepared and submitted the Humanwell ANDA, seeking FDA approval to manufacture, use, sell, and/or import the Humanwell ANDA Products in the United States prior to the expiration of the Asserted Patents.

35.     On June 9, 2026, pursuant to 21 U.S.C. § 505(j)(2)(B)(iv), Humanwell sent Plaintiffs[1] a Notice of Paragraph IV Certification (the "Notice Letter").  The Notice Letter represented that Humanwell included Paragraph IV Certifications for the Asserted Patents in the Humanwell ANDA.  Specifically, the Notice Letter asserted that the Asserted Patents, among others, are invalid, unenforceable, and/or not infringed by Humanwell.

36.     This action is being brought within forty-five days of Plaintiffs' receipt of the Notice Letter.  Accordingly, Plaintiffs are entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

37.     On information and belief, FDA has not approved the Humanwell ANDA at this time.  On information and belief, if FDA approves the Humanwell ANDA, Defendants will manufacture, market, distribute, sell, and/or import within the United States, including the State of New Jersey, the Humanwell ANDA Products, either directly or through one or more of their subsidiaries, agents, partners, and/or alter egos.  Such manufacturing, marketing, distribution, sale, and/or importation will directly infringe the Asserted Patents, literally or under the doctrine of equivalents.

38.     On information and belief, hydrocodone bitartrate is the active ingredient in the Humanwell ANDA Products, which are, on information and belief, hydrocodone bitartrate extended-release tablets at 20 mg, 30 mg, 40 mg, and 60 mg per tablet.

---

[1] Humanwell addressed the Notice Letter to Purdue Pharma L.P., The P.F. Laboratories, Inc., and Purdue Pharmaceuticals L.P (collectively, "Purdue").  However, as of May 1, 2026, Purdue permanently ceased operations and the right, title, and interest in the '740 Patent and the '837 Patent were transferred to Knoa Pharma, and the right, title, and interest in the '416 Patent and the '809 Patent were transferred to Plaintiffs.

8

39.     The Notice Letter represented that the Humanwell ANDA refers to and relies upon the HYSINGLA® ER NDA, and contains data from bioavailability or bioequivalence studies between Humanwell's ANDA Products and HYSINGLA® ER.

40.     This is an exceptional case, warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285.

**COUNT I — INFRINGEMENT OF U.S. PATENT NO. 8,808,740**

41.     Plaintiffs incorporate each of the preceding paragraphs 1–40 as if fully set forth herein.

42.     Claim 91 of the '740 Patent claims:

A solid controlled release dosage form comprising:
a therapeutically effective amount of hydrocodone or a pharmaceutically acceptable salt thereof, and a controlled release excipient;
wherein the amount of hydrocodone or salt thereof released from the dosage form is proportional within 20% to elapsed time from 8 to 24 hours, as measured by an in-vitro dissolution in a USP Apparatus 1 (basket) at 100 rpm in 900 ml simulated gastric fluid without enzymes (SGF) at 37° C.; and
the dosage form can be flattened without breaking, wherein the thickness of the dosage form after flattening corresponds to no more than about 20% of the thickness of the dosage form before flattening; and
the amount of hydrocodone or salt thereof released at 0.5 hour from a flattened dosage form deviates no more than about 20% points from a non-flattened dosage form as measured by an in-vitro dissolution in a USP Apparatus 1 (basket) at 100 rpm in 900 ml simulated gastric fluid without enzymes (SGF) at 37° C.

43.     On information and belief, the Humanwell ANDA Products are a solid controlled release dosage form with a therapeutically effective amount of hydrocodone or a pharmaceutically acceptable salt thereof, and a controlled release excipient.  On information and belief, the amount of hydrocodone or salt thereof released from the dosage form is proportional within 20% to elapsed time from 8 to 24 hours, as measured by an in-vitro dissolution in a USP Apparatus 1 (basket) at 100 rpm in 900 ml simulated gastric fluid without enzymes (SGF) at 37°C.  On information and belief, the dosage form can be flattened without breaking, and the thickness of the dosage form

9

after flattening corresponds to no more than about 20% of the thickness of the dosage form before flattening.  On information and belief, the amount of hydrocodone or salt thereof released at 0.5 hour from a flattened dosage form deviates no more than about 20% points from a non-flattened dosage form as measured by an in-vitro dissolution in a USP Apparatus 1 (basket) at 100 rpm in 900 ml simulated gastric fluid without enzymes (SGF) at 37°C.  Thus, on information and belief, the Humanwell ANDA Products are covered by one or more claims of the '740 Patent, including at least claim 91 above.

44.    On information and belief, Defendants have knowledge of the '740 Patent at least because it is listed in the Orange Book for HYSINGLA®.  Notwithstanding this knowledge, Defendants continue to assert their intent to manufacture, use, offer for sale, sell, and/or import the Humanwell ANDA Products immediately and imminently upon receiving FDA approval for the Humanwell ANDA.

45.    On information and belief, Defendants had notice of the '740 Patent prior to filing the Humanwell ANDA.  The application leading to the '740 Patent, U.S. 13/333,560, became public on June 28, 2012, as U.S. Publication No. 2012/0164220.  The allowed claims became public on July 2, 2014 as indicated by the Notice of Allowance.  The fact that the '740 Patent would issue became public as of July 14, 2014 when the issue fee was paid.  The '740 Patent was submitted for listing in the Orange Book on November 21, 2014.

46.    Humanwell's filing of the Humanwell ANDA was an act of infringement of the '740 Patent in violation of 35 U.S.C. § 271(e)(2).

47.    On information and belief, upon FDA approval, Defendants intend to manufacture, market, distribute, sell, and/or import the Humanwell ANDA Products, which will infringe at least claim 91 of the '740 Patent under 35 U.S.C. § 271(a).

48.     Unless Defendants are enjoined from infringing the '740 Patent, Knoa Pharma will be substantially and irreparably harmed.  Knoa Pharma has no adequate remedy at law, and considering the balance of hardships between Knoa Pharma and Defendants, a remedy in equity is warranted.  Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,808,740

49.     Plaintiffs incorporate each of the preceding paragraphs 1–48 as if fully set forth herein.

50.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Knoa Pharma on the one hand and Defendants on the other regarding infringement and/or invalidity of the '740 Patent.

51.     The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of the Humanwell ANDA Products with its proposed labeling, or any other of Defendants' drug product that is covered by the '740 Patent, will infringe the '740 Patent, and that the claims of the '740 Patent are valid and enforceable.

## COUNT III — INFRINGEMENT OF U.S. PATENT NO. 9,872,837

52.     Plaintiffs incorporate each of the preceding paragraphs 1–51 as if fully set forth herein.

53.     Claim 1 of the '837 Patent claims:

A solid tamper resistant controlled release dosage form comprising:
  hydrocodone or a pharmaceutically acceptable salt thereof dispersed in a matrix material comprising polyethylene oxide having an average molecular weight from about 300,000 to about 10,000,000 as measured by correlation to viscosity, wherein the dosage form is cured at a temperature of at least 60° C. for at least 1 minute;

11

wherein the amount of hydrocodone or pharmaceutically acceptable salt thereof released from the dosage form, as measured by an in-vitro dissolution in a USP Apparatus 1 (basket) at 100 rpm in 900 ml simulated gastric fluid without enzymes (SGF) at 37° C., at 2 hours is less than about 25%, at 4 hours is from about 10% to about 30%, at 8 hours is from about 20% to about 60%, at 12 hours is from about 40% to about 90%, and at 18 hours is greater than about 70%; and

wherein the dosage form can be flattened without breaking, wherein the thickness of the dosage form after flattening corresponds to no more than about 20% of the thickness of the dosage form before flattening; and

the amount of hydrocodone or pharmaceutically acceptable salt thereof released at 0.5 hour from a flattened dosage form deviates no more than about 20% points from a non-flattened dosage form as measured by an in-vitro dissolution in a USP Apparatus 1 (basket) at 100 rpm in 900 ml simulated gastric fluid without enzymes (SGF) at 37° C.

54. On information and belief, the Humanwell ANDA Products are a solid tamper resistant controlled release dosage form with hydrocodone or a pharmaceutically acceptable salt thereof dispersed in a matrix material comprising polyethylene oxide having an average molecular weight from about 300,000 to about 10,000,000 as measured by correlation to viscosity. On information and belief, the dosage form is cured at a temperature of at least 60°C for at least 1 minute. On information and belief, the amount of hydrocodone or pharmaceutically acceptable salt thereof released from the dosage form, as measured by an in-vitro dissolution in a USP Apparatus 1 (basket) at 100 rpm in 900 ml simulated gastric fluid without enzymes (SGF) at 37° C., at 2 hours is less than about 25%, at 4 hours is from about 10% to about 30%, at 8 hours is from about 20% to about 60%, at 12 hours is from about 40% to about 90%, and at 18 hours is greater than about 70%. On information and belief, the dosage form can be flattened without breaking, and the thickness of the dosage form after flattening corresponds to no more than about 20% of the thickness of the dosage form before flattening. On information and belief, the amount of hydrocodone or pharmaceutically acceptable salt thereof released at 0.5 hour from a flattened dosage form deviates no more than about 20% points from a non-flattened dosage form as measured by an in-vitro dissolution in a USP Apparatus 1 (basket) at 100 rpm in 900 ml simulated

gastric fluid without enzymes (SGF) at 37° C.  Thus, on information and belief, the Humanwell ANDA Products are covered by one or more claims of the '837 Patent, including at least claim 1 above.

55.     As part of the Humanwell ANDA, Humanwell submitted a Paragraph IV Certification, asserting that the claims of the '837 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Humanwell ANDA Products.

56.     The Notice Letter does not contend or make non-infringement arguments that the Humanwell ANDA Products would not infringe the claims of the '837 Patent.

57.     On information and belief, Defendants have knowledge of the '837 Patent at least because it is listed in the Orange Book for HYSINGLA®.  Notwithstanding this knowledge, Defendants continue to assert their intent to manufacture, use, offer for sale, sell, and/or import the Humanwell ANDA Products immediately and imminently upon receiving FDA approval for the Humanwell ANDA.

58.     On information and belief, Defendants had notice of the '837 Patent prior to filing the Humanwell ANDA.  The application leading to the '837 Patent, U.S. 15/045,977, became public on August 25, 2016, as U.S. Publication No. 2016/0243110.  The allowed claims became public on November 8, 2017 as indicated in the Notice of Allowance.  The fact that the '837 Patent would issue became public as of November 20, 2017 when the issue fee was paid.  The '837 Patent was submitted for listing in the Orange Book on January 23, 2018.

59.     Humanwell's filing of its ANDA was an act of infringement of the '837 Patent in violation of 35 U.S.C. § 271(e)(2).

13

60.    On information and belief, upon FDA approval, Defendants intend to manufacture, market, distribute, sell, and/or import the Humanwell ANDA Products, which will infringe at least claim 1 of the '837 Patent under 35 U.S.C. § 271(a).

61.    Unless Defendants are enjoined from infringing the '837 Patent, Knoa Pharma will be substantially and irreparably harmed.  Knoa Pharma has no adequate remedy at law, and considering the balance of hardships between Knoa Pharma and Defendants, a remedy in equity is warranted.  Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,872,837

62.    Plaintiffs incorporate each of the preceding paragraphs 1–61 as if fully set forth herein.

63.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Knoa Pharma on the one hand and Defendants on the other regarding infringement and/or invalidity of the '837 Patent.

64.    The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of the Humanwell ANDA Products with its proposed labeling, or any other of Defendants' drug product that is covered by the '837 Patent, will infringe the '837 Patent, and that the claims of the '837 Patent are valid and enforceable.

## COUNT V — INFRINGEMENT OF U.S. PATENT NO. 9,770,416

65.    Plaintiffs incorporate each of the preceding paragraphs 1–64 as if fully set forth herein.

66.    Claim 1 of the '416 Patent claims:

14

A pharmaceutical composition comprising:
at least one active agent comprising an opioid or a pharmaceutically acceptable salt thereof;
at least one high molecular weight polyethylene oxide (PEO), having an approximate molecular weight of from 1 million to 8 million;
optionally at least one low molecular weight PEO having an approximate molecular weight of less than 1,000,000; wherein
(a) the active agent and high molecular weight PEO are combined in a solid oral extended release dosage form that is (i) compression shaped, (ii) air cured by heated air, without compression, for a curing time of about 15 minutes to about 8 hours at a curing temperature of about 60° C. to about 90° C., (iii) cooled, and (iv) hardened;
(b) the high molecular weight PEO is at least partially melted upon curing and comprises at least about 50% (by weight) of the dosage form;
(c) the active agent comprises at least about 1.3% (by weight) of the dosage form;
(d) the molecular weight of each PEO is based on rheological measurements;
(e) the total weight of the dosage form is calculated by excluding the combined weight of said film coatings; and
(f) the dosage form is expanded upon curing, as measured by a decrease in density of at least about 1.5%, and the dosage form provides a hardness of at least about 439 N.

67.    On information and belief, the Humanwell ANDA Products are a pharmaceutical composition with at least one active agent comprising an opioid, at least one high molecular weight PEO having an approximate molecular weight, based on rheological measurements, between 1 million to 8 million, and optionally at least one low molecular weight PEO having an approximate molecular weight, based on rheological measurements, of less than 1 million.  On information and belief, the active agent and high molecular weight PEO are combined in a solid oral extended release dosage form that is compression shaped, air cured by heated air, without compression, for a curing time of about 15 minutes to about 8 hours at a curing temperature of about 60° C. to about 90° C, cooled, and hardened.  On information and belief, the high molecular weight PEO is at least partially melted upon curing and comprises at least about 50% (by weight) of the dosage form, where the total weight of the dosage form is calculated by excluding the combined weight of said film coatings.  On information and belief, the dosage form is expanded upon curing, as measured

by a decrease in density of at least about 1.5%, and the dosage form provides a hardness of at least about 439 N.  Thus, on information and belief, the Humanwell ANDA Products are covered by one or more claims of the '416 Patent, including at least claim 1 above.

68.     As part of the Humanwell ANDA, Humanwell submitted a Paragraph IV Certification, asserting that the claims of the '416 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Humanwell ANDA Products.

69.     The Notice Letter does not contend or make non-infringement arguments that the Humanwell ANDA Products would not infringe the claims of the '416 Patent.

70.     On information and belief, Defendants have knowledge of the '416 Patent at least because it is listed in the Orange Book for HYSINGLA®.  Notwithstanding this knowledge, Defendants continue to assert their intent to manufacture, use, offer for sale, sell, and/or import the Humanwell ANDA Products immediately and imminently upon receiving FDA approval for the Humanwell ANDA.

71.     On information and belief, Defendants had notice of the '416 Patent prior to filing the Humanwell ANDA.  The application leading to the '416 Patent, U.S. 15/413,678, became public on May 11, 2017, as U.S. Publication No. 2017/0128371.  The allowed claims in the final form became public on August 7, 2017 as indicated by the Examiner's Response to Amendment under Rule 312.  The fact that the '416 Patent would issue became public as of August 10, 2017 when the issue fee was paid.  The '416 Patent was submitted for listing in the Orange Book on September 27, 2017.

72.     Humanwell's filing of its ANDA was an act of infringement of the '416 Patent in violation of 35 U.S.C. § 271(e)(2).

16

73.    On information and belief, upon FDA approval, Defendants intend to manufacture, market, distribute, sell, and/or import the Humanwell ANDA Products, which will infringe at least claim 1 of the '416 Patent under 35 U.S.C. § 271(a).

74.    Unless Defendants are enjoined from infringing the '416 Patent, Plaintiffs will be substantially and irreparably harmed.  Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT VI – DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,770,416

75.    Plaintiffs incorporate each of the preceding paragraphs 1–74 as if fully set forth herein.

76.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Defendants on the other regarding infringement and/or invalidity of the '416 Patent.

77.    The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of the Humanwell ANDA Products with its proposed labeling, or any other of Defendants' drug product that is covered by the '416 Patent, will infringe the '416 Patent, and that the claims of the '416 Patent are valid and enforceable.

## COUNT VII — INFRINGEMENT OF U.S. PATENT NO. 9,775,809

78.    Plaintiffs incorporate each of the preceding paragraphs 1–77 as if fully set forth herein.

79.    Claim 1 of the '809 Patent claims:

A pharmaceutical composition comprising:
   at least one active agent comprising hydrocodone or a pharmaceutically
      acceptable salt thereof;

at least one high molecular weight polyethylene oxide (PEO), having an approximate molecular weight of from 1 million to 15 million;

at least one of an additive and a film coating; and

optionally at least one low molecular weight PEO having an approximate molecular weight of less than 1,000,000; wherein

(a) the active agent and high molecular weight PEO are combined in a solid oral extended release dosage form that is (i) compression shaped, (ii) air cured by heated air, without compression, for at least about 5 minutes at a temperature above the softening temperature of the high molecular weight PEO, (iii) cooled, and (iv) hardened;

(b) the high molecular weight PEO comprises at least about 30% (by weight) of the dosage form;

(c) the molecular weight of each PEO is based on rheological measurements; and

(d) the total weight of the dosage form is calculated by excluding the combined weight of said film coatings.

80.    On information and belief, the Humanwell ANDA Products are a pharmaceutical composition with at least one active agent comprising hydrocodone or a pharmaceutically acceptable salt thereof, at least one high molecular weight PEO with an approximate molecular weight, based on rheological measurements, between 1 million and 15 million, at least one additive and film coating, and optionally at least one low molecular weight PEO with an approximate molecular weight, based on rheological measurements, of less than 1 million.  On information and belief, the active agent and high molecular weight PEO are combined in a solid oral extended release dosage form that is compression shaped, air cured by heated air, without compression, for at least about 5 minutes at a temperature above the softening temperature of the high molecular weight PEO, cooled, and hardened.  On information and belief, the high molecular weight PEO comprises at least about 30% (by weight) of the dosage form, where the total weight of the dosage form is calculated by excluding the combined weight of said film coatings.  Thus, on information and belief, the Humanwell ANDA Products are covered by one or more claims of the '809 Patent, including at least claim 1 above.

18

81.    As part of the Humanwell ANDA, Humanwell submitted a Paragraph IV Certification, asserting that the claims of the '809 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Humanwell ANDA Products.

82.    The Notice Letter does not contend or make non-infringement arguments that the Humanwell ANDA Products would not infringe the claims of the '809 Patent.

83.    On information and belief, Defendants have knowledge of the '809 Patent at least because it is listed in the Orange Book for HYSINGLA®.  Notwithstanding this knowledge, Defendants continue to assert their intent to manufacture, use, offer for sale, sell, and/or import the Humanwell ANDA Products immediately and imminently upon receiving FDA approval for the Humanwell ANDA.

84.    On information and belief, Defendants had notice of the '809 Patent prior to filing the Humanwell ANDA.  The application leading to the '809 Patent, U.S. 15/413,656, became public on May 11, 2017, as U.S. Publication No. 2017/0128370.  The allowed claims in the final form became public on August 7, 2017 as indicated in Examiner's Response to Amendment under Rule 312 .  The fact that the '809 Patent would issue became public as of August 10, 2017 when the issue fee was paid.  The '809 Patent was submitted for listing in the Orange Book on October 4, 2017.

85.    Humanwell's filing of its ANDA was an act of infringement of the '809 Patent in violation of 35 U.S.C. § 271(e)(2).

86.    On information and belief, upon FDA approval, Defendants intend to manufacture, market, distribute, sell, and/or import the Humanwell ANDA Products, which will infringe at least claim 1 of the '809 Patent under 35 U.S.C. § 271(a).

19

87. Unless Defendants are enjoined from infringing the '809 Patent, Plaintiffs will be substantially and irreparably harmed. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT VIII – DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,775,809

88. Plaintiffs incorporate each of the preceding paragraphs 1–87 as if fully set forth herein.

89. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Defendants on the other regarding infringement and/or invalidity of the '809 Patent.

90. The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of the Humanwell ANDA Products with its proposed labeling, or any other of Defendants' drug product that is covered by the '809 Patent, will infringe the '809 Patent, and that the claims of the '809 Patent are valid and enforceable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) A judgment that the submission of the Humanwell ANDA was an act of infringement of one or more claims of the Asserted Patents;

(b) A judgment that the Defendants' making, using, offering to sell, selling, marketing, distributing, and/or importing into the United States the Humanwell ANDA Products prior to the expiration of the Asserted Patents will infringe one or more claims of the Asserted Patents pursuant to 35 U.S.C. § 271(a);

(c) An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of

20

any FDA approval for the Humanwell ANDA Products, or any product the use of which infringes the Asserted Patents, be not earlier than the expiration date of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) enjoining Defendants, their affiliates and subsidiaries, each of their officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, related business entities, and any person acting in concert with Defendants, from making, using, selling, offering to sell, marketing, distributing, or importing the Humanwell ANDA Products, or any product the use of which infringes the Asserted Patents prior to the expiration date of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(e)    An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Humanwell ANDA Products, or any product that infringes the Asserted Patents prior to expiration of the Asserted Patents including any additional exclusivity period applicable to those patents;

(f)    Entry of an order that Defendants' infringement has been willful;

(g)    A declaration that this patent infringement case is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(h)    An award of Plaintiffs' costs and expenses in this action; and

(i)    Such further and other relief as this Court may deem just and proper.

Date: July 23, 2026

OF COUNSEL:

Matthew Moore
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Marc N. Zubick
Manuela Burek
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
(312) 876-7700

*Attorneys for Plaintiffs Knoa Pharma LLC
and Knoa Pharmaceuticals LLC*

**FBT GIBBONS LLP**

/s/ *Charles H. Chevalier*
Charles H. Chevalier
Christian Villatoro
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevalier@fbtgibbons.com
cvillatoro@fbtgibbons.com

*Attorney for Plaintiffs Knoa Pharma LLC and
Knoa Pharmaceuticals LLC*

22